against Hozey's sureties, judgments have been recovered, and probably recorded, to the amount of upwards of five hundred thousand dollars, although under no circumstances could the sureties all together be liable to all the creditors of Hozey for more than sixty thousand. Nor can one court, of several having concurrent jurisdiction, condemn the sureties to bring into court the amount for which they may be ultimately responsible, and discharge them from further liability. The creditors cannot be compelled to come into one tribunal for redress; and if one of the courts of the first instance may render such judgment, the others may, and thus the sureties be compelled to pay at least three times the amount for which they bound themselves, with the right certainly of being refunded what might remain after paying all the creditors. We can see no good reason why the sureties should be adjudged to pay any thing more than the plaintiffs show to be due to them by the principal.. The law has not provided for a *concurso* in a case like the present.

The judgment of the Commercial Court is, therefore, avoided and reversed; and it is further adjudged and decreed, that the defendants pay *in solido* into the Commercial Court the sum of four thousand one hundred and fifty dollars, with interest at five per cent from the 18th February, 1841, to be distributed among the different claimants according to the judgment already rendered in said case. The defendants to pay the costs of the court below, and the plaintiffs those of the appeal.

*Vason*, for the plaintiffs.

*Micou*, for the appellants.

---

### Same Case—On a Re-hearing.

Where the sureties of a public officer bind themselves, severally, for a specific sum, they can, in no event, be made liable for a larger amount; but any one injured by the misfeasance of their principal, will have an action against each and all, until the whole amount for which they may be respectively bound shall be exhausted, or the claim satisfied.

*Micou*, for the appellants, prayed for a re-hearing.

Bullard, J. A re-hearing has been asked for in this case,

principally on the ground, that the sureties are not bound *in solido*, according to the terms of the bond. We are satisfied, upon examination of the bond, that they are not bound *in solido*. Each surety binds himself *severally* for a specific sum, beyond which, in no event, can he be liable. There are, consequently, eight *several* obligations, amounting in all to sixty thousand dollars, and the creditors of Hozey, on account of official misfeasance, have an action *severally* against each and all of the sureties, until the amount for which each may be bound shall be exhausted, provided that they are entitled to only one satisfaction.

It is also said, that the sum for which judgment is rendered is greater than is due to the parties, and that the sheriff is entitled to his fees. The boat sold for $4150, and that is the sum the sheriff was condemned to bring into court for distribution. It is true that allowance ought to be made to the sureties for the fees due to the sheriff in that case, which he is entitled to retain.

The judgment will be amended accordingly, so as to condemn the sureties *severally*, instead of *in solido*, and reserving the sum which the sheriff has a right to retain for his fees.

It is therefore ordered that the judgment of the Commercial Court be annulled; that there be judgment in favor of the plaintiffs against the defendants, severally, in the sum of $3801 75, with interest at 5 per cent per annum from judicial demand, with costs in the court below; the costs of appeal to be borne by the plaintiffs and appellees. And it is further ordered, that the plaintiffs have leave to take execution against each or any of the defendants for the above sum, provided there be but one satisfaction.